Dear Representative Goldman:
This opinion is in response to your request concerning the tax rate which may be levied by a newly formed consolidated fire protection district formed in accordance with the provisions of Section 321.460, RSMo 1978. In your request you pose two questions, the first of which is stated as follows:
 "If two fire districts are merged together pursuant to the statutory scheme in Chapter 321 and if both districts previously had voter authorization to levy supplemental property tax rates for a total of 65¢ for operating purposes; 15¢ for ambulance purposes; and 5¢ for pension purposes; is the authorization to levy such taxes a `right' of the district to which the newly consolidated district succeeds? Can the newly consolidated district levy a property tax of 85¢ per $100.00 valuation without the necessity of returning to the voters for approval of such a levy?"
Your second question is:
 Assume that two districts are consolidated into a new fire protection district. District "A", prior to the consolidation, had authority to levy a 65¢ operating levy, a 15¢ ambulance levy, and a 5¢ pension levy. District "B" had authority to levy only a 65¢ operating levy and a 5¢ pension levy. In the event of consolidation, if the consolidated district has the "right" to levy those taxes previously approved by the voters of the "several" districts which became the subject of the consolidation, may the consolidated district levy the highest tax rate approved by either district prior to the consolidation or may it levy only those taxes which had been previously approved by the voters by each of the fire protection districts prior to consolidation?
Section 321.465, RSMo 1978, provides in pertinent part that "[a]ll properties, rights, assets, and liabilities of the several fire protection districts which are so consolidated, including outstanding bonds thereof if any, shall become forthwith and without any further procedure the properties, rights, assets, and liabilities of the consolidated fire protection district." Where, as in your first question, both districts had already authorized by majority vote an identical rate of levy, it seems clear that an existing "right" has been established which may be exercised by the new consolidated district without further voter approval. However, where differing levies have been established, as in your second question, the authority to impose a higher levy on that portion of the new consolidated district which had not before voted for such a levy is questionable. In making this statement, we are mindful of the public policy of this state, as expressed in the Hancock Amendment, Article X, Section 22, Missouri Constitution, that taxes imposed by a county or political subdivision in this state not be increased without a vote of the people.
Although approval by the voters in the proposed consolidated district is required before consolidation can take effect (Section321.460.8, RSMo 1978), the question as submitted to the voters pursuant to Section 321.460.7 does not establish the effective levy to be imposed in the consolidated district. Absent the express approval of the majority of the voters of the proposed consolidated district, we believe that a levy may not be imposed by the consolidated district simply because it has been approved by the majority of the voters in one of the districts prior to consolidation. To do so would be to impose an additional tax upon property lying within the boundaries of one of the former districts which had not been approved by a majority of the voters therein.
Furthermore we believe that the levy imposed by the consolidated district must be uniform upon all property lying within its boundaries. See Article X, Section 3 of the Missouri Constitution. Therefore, in the absence of approval by a majority of the voters in the consolidated district of the new rates, the levy may be set at the highest rate for each tax approved in both of the districts prior to consolidation. Thus, where District "A" is authorized to collect a 65-cent operating levy, a 15-cent ambulance levy and a 10-cent pension levy, and District "B" is authorized to collect a 65-cent operating levy and a 5-cent pension levy, and has no authority to collect an ambulance levy, the consolidated district may collect a 65-cent operating levy and a 5-cent pension levy andno ambulance levy.
CONCLUSION
It is the opinion of this office that upon consolidation of two existing fire protection districts pursuant to Section 321.460, RSMo 1978, the consolidated district may levy as a matter of right only those taxes which had been previously approved by the voters of both of the former fire protection districts prior to consolidation.
Very truly yours,
 JOHN ASHCROFT Attorney General